IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


PHILLIP SLAMPAK and JANIE SLAMPAK,

      Plaintiffs,

v.                             Civil Action No. 5:18CV154
                                             (STAMP)

NATIONWIDE INSURANCE COMPANY OF AMERICA,

      Defendant.


**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART
DEFENDANT'S PARTIAL MOTION TO
DISMISS PLAINTIFFS' COMPLAINT**


I.  Background

The plaintiffs, Philip and Janie Slampak ("Mr. and Mrs. Slampak"), filed a complaint in the Circuit Court for Wetzel County, West Virginia. ECF No. 1-1. The defendant, Nationwide Insurance Company of America ("Nationwide"), removed the civil action to the United States District Court for the Northern District of West Virginia on September 14, 2018. ECF No. 1. The complaint alleges that David Michael Kestner ("Mr. Kestner") operated an automobile recklessly and negligently, causing a rear-end collision with Mr. Slampak's vehicle, and permanent injuries and damages to Mr. and Mrs. Slampak (Count I). Id. at 8-10. Plaintiffs further allege that Mr. Slampak was insured under an automobile insurance policy or contract that was purchased from defendant Nationwide prior to the automobile accident, and that defendant Nationwide is liable to plaintiffs under the policy or

contract for the bodily injuries and damages arising from the automobile accident pursuant to the terms and coverage limits of the policy or contract (Count II). Id. at 11-14. Plaintiffs assert various injuries caused by Mr. Kestner (Count III). Id. at 14-15. Plaintiffs also assert common law misconduct due to defendant Nationwide's unreasonable delay, wrongful denial of liability, and wrongful withholding of payment for Mr. Slampak's claim for underinsured motorists bodily injury insurance benefits covered under the insurance policy by defendant Nationwide (Count IV). Id. at 15-16. Plaintiffs further allege that defendant Nationwide violated the West Virginia Unfair Trade Practices Act ("UTPA") (Count V), and that defendant Nationwide breached the implied covenant of good faith and fair dealing (Count VI). Id. at 16-27. Plaintiffs also assert a separate count for punitive damages (Count VII). Id. at 22-23. Lastly, plaintiffs allege that Mr. Slampak was forced to hire counsel in order to establish the full amount of his damages and reach the eventual policy limits settlement after defendant Nationwide refused and failed to pay Mr. Slampak's first-party claim under his Nationwide automobile insurance policy. Id. at 23. Plaintiffs state that they substantially prevailed against defendant Nationwide since the eventual policy limits settlement was substantially more than what defendant Nationwide offered for first-party underinsured automobile insurance benefits under the terms and conditions of the

Nationwide automobile insurance policy (Count VIII). <u>Id.</u> at 23-24. Therefore, plaintiffs contend that defendant Nationwide directly and proximately caused damages and injury due to its wrongful failure to make prompt, fair, and equitable settlement of this first-party claim. <u>Id.</u> at 24. Mrs. Slampak alleges that due to defendant Nationwide's actions, she "has lost the consortium, society and services of her husband." <u>Id.</u> at 25. Plaintiffs seek compensatory damages, punitive damages, attorneys' fees and expenses in reaching settlement with defendant Nationwide, and any other attorneys' fees, pre-judgment interest, post-judgment interest, costs, and any other appropriate relief. <u>Id.</u> at 25-26.

Defendant Nationwide filed a motion to partially dismiss plaintiffs' complaint to limit plaintiffs' claims to common law bad faith (Count IV), and violations of the UTPA (Count V), and, therefore, to dismiss the other Counts. ECF No. 3. In the motion, defendant Nationwide first asserts that plaintiffs settled and released their bodily injury claims arising from plaintiffs' contractual relationship with defendant Nationwide and only preserved allegations of breach of the UTPA and common law bad faith. ECF No. 4 at 6. Therefore, defendant Nationwide asserts that Counts I through III should be dismissed. <u>Id.</u> Second, defendant Nationwide contends that the plaintiffs have released

their claim for <u>Hayseeds</u>[1] damages against defendant Nationwide or, in the alternative, the plaintiffs are banned by the doctrine of claim preclusion or issue preclusion, or both, from requesting such damages. <u>Id.</u> Specifically, defendant Nationwide notes that <u>Hayseeds</u> damages arise from a contract and since the plaintiffs' allegations are based on defendant Nationwide's alleged breach of its contractual duties by failing to promptly pay for their injuries, the release prevents the plaintiffs from collecting on Counts I through III. <u>Id.</u> at 6-7. Alternatively, defendant Nationwide indicates that the three factors for claim preclusion apply here since: (1) both the civil action and the prior state court action involve the same parties; (2) the Circuit Court of Wetzel County, West Virginia dismissed their complaint after settlement; and (3) before settlement and dismissal of the prior state court action, plaintiffs pursued attorneys' fees related to their efforts to recover money under their policy. <u>Id.</u> Similarly, defendant Nationwide contends that issue preclusion would also apply here since: (1) the plaintiffs filed a prior state court action against the defendant, which alleged several of the same

---

[1] <u>Hayseeds, Inc. v. State Farm Fire & Cas. Ins. Co.</u>, 177 W. Va. 323, 352 S.E.2d 73 (W. Va. 1986).

4

allegations asserted in this case; (2) the plaintiffs specifically requested attorneys' fees in the previous civil action; and (3) the plaintiffs released their claims in the prior state court action and only preserved certain claims. Id. at 8-9. Third, defendant Nationwide states that under West Virginia law, there is no independent claim for breach of the implied covenant of good faith and fair dealing. Id. at 9 (citing Highmark W. Va., Inc. v. Jamie, 655 S.E.2d 509, 514 (W. Va. 2007)). Fourth, defendant Nationwide contends that West Virginia law does not recognize an independent claim for punitive damages, and therefore Count VII fails to state a claim upon which relief can be granted. Id. at 10 (citing Susko v. Cox Enters., Inc., No. 5:07-cv-144, 2008 WL 4279673 *4 (N.D. W. Va. Sept. 16, 2008) (Stamp, J.)).

The plaintiffs filed a response in opposition to defendant Nationwide's motion to partially dismiss plaintiffs' complaint. ECF No. 6. First, the plaintiffs assert that the plain language of the release preserves all claims other than bodily injury claims against defendant Nationwide. Id. at 1. Second, the plaintiffs contend that defendant Nationwide has not provided any basis in the language of the policy that damages for attorneys' fees, annoyance and inconvenience and/or Hayseeds damages were contemplated in the

settlement agreement and were expressly excluded from the release and dismissal order.  Id. at 3.  Third, the plaintiffs assert that claim preclusion does not apply since the law requires substantially different evidence to support a claim for personal injury under a motorist policy than it requires to support a claim for extra contractual damages.  Id. at 4 ("One case evaluates whether the insured substantially prevails, while the other case evaluates liability and damages arising from an underinsured loss under a contract of automobile insurance.  The underlying tort suit and the instant derivative suit require substantially different evidence to sustain them.").  Fourth, plaintiffs state that there is no statutory or common law requirement that Hayseeds claims must be brought in the same civil action as the underlying suit against a carrier; rather, the plaintiffs contend that it is well settled that "[a] cause of action for insurance bad faith may arise even if there has been a settlement and release of the underlying case against the tortfeasor so long as the release does not cover the insurer and the insurer is, or should be, aware of the possibility of a bad faith action at the time it agrees to the settlement." Id. at 4-5 (citing Poling v. Motorists Mut. Ins. Co., Syl. Pt. 2, 192 W. Va. 46, 47, 450 S.E.2d 635, 636 (1994)).  Fifth, the

plaintiffs assert that they are permitted to allege a breach of the covenant of good faith and fair dealing since they are not seeking duplicative damages, but are seeking such damages in the alternative. Id. at 5-6. Fifth, the plaintiffs request leave of court to amend any and all inartful pleading with respect to the claim of punitive damages, indicating that they only seek punitive damages as a remedy rather than as an independent cause of action. Id.

Defendant Nationwide filed a reply in support of its motion to partially dismiss plaintiffs' complaint. ECF No. 7. First defendant Nationwide asserts that the plaintiffs failed to address why they are not barred from re-pursuing their claims with respect to bodily injury claims that were alleged and released in the prior state court action. Id. at 2. Second, defendant Nationwide contends that the plaintiffs released their Hayseeds damages when they released their underinsured motorist coverage claim since "a claim for Hayseeds relies upon a finding that the insured substantially prevailed against the insurer concerning a coverage dispute under the insurance contract." Id. at 3. Third, defendant Nationwide states that the plaintiffs are claim precluded from asserting Count VI since the Hayseeds claim relies on the same

evidence as their underinsured motorist coverage claim, because the Hayseeds claim depends on whether the plaintiffs substantially prevailed with respect to the insurance claim dispute. Id. at 5-6. Fourth, defendant Nationwide contends that there is no independent cause of action for breach of the implied covenant of good faith and fair dealing, and that such a covenant arises from a contract. Id. at 6. Moreover, defendant Nationwide states that even if there was an independent cause of action, the plaintiffs already released their state court claims and the Circuit Court of Wetzel County, West Virginia already dismissed the plaintiffs' complaint in the prior state court action with prejudice. Id. Lastly, defendant Nationwide requests the Court to dismiss Count VII because "[p]laintiffs agree that West Virginia law does not permit a plaintiff to bring an independent cause of action for punitive damages." Id. at 7.

For the reasons stated below, this Court grants defendant Nationwide's motion for partial dismissal with respect to Counts I through III of the complaint, grants as framed the defendant's motion with respect to the punitive damages claim (Count VII), and grants the defendant's motion with respect to the implied covenant of good faith and fair dealing claim (Count VI). This Court denies

8

the defendant's motion with respect to the plaintiffs' <u>Hayseeds</u> claim (Count VIII).  Therefore, plaintiffs' claims based on common law misconduct (Count IV), the UTPA (Count V), and <u>Hayseeds</u> (Count VIII) remain.

## II.  <u>Applicable Law</u>

In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept all well-pled facts contained in the complaint as true.  <u>Nemet Chevrolet, Ltd v. Consumeraffairs.com, Inc</u>, 591 F.3d 250, 255 (4th Cir. 2009).  However, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes."  <u>Id.</u> (citing <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009)).  This Court also declines to consider "unwarranted inferences, unreasonable conclusions, or arguments."  <u>Wahi v. Charleston Area Med. Ctr., Inc.</u>, 562 F.3d 599, 615 n.26 (4th Cir. 2009).

The purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case.  5B Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1356 (3d ed. 1998).  The Rule

12(b)(6) motion also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact. <u>Id.</u> For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a). <u>Id.</u> § 1357.

A complaint should be dismissed "if it does not allege 'enough facts to state a claim to relief that is plausible on is face.'" <u>Giarratano v. Johnson</u>, 521 F.3d 298, 302 (4th Cir. 2008) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). "Facial plausibility is established once the factual content of a complaint 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" <u>Nemet Chevrolet</u>, 591 F.3d at 256 (quoting <u>Iqbal</u>, 129 S. Ct. at 1949). Detailed factual allegations are not required, but the facts alleged must be sufficient "to raise a right to relief above the speculative level." <u>Twombly</u>, 550 U.S. at 555.

III.  Discussion

As stated above, this Court grants the defendant's motion for partial dismissal with respect to Counts I through III of the complaint, grants as framed the defendant's motion with respect to the punitive damages claim (Count VII), and grants the defendant's motion with respect to the implied covenant of good faith and fair dealing claim (Count VI).  This Court denies the defendant's motion with respect to the plaintiffs' Hayseeds claim (Count VIII). Therefore, the plaintiffs' claims based on common law misconduct (Count IV), the UTPA (Count V), and Hayseeds (Count VIII) remain.

A.    Counts I through III

The complaint alleges that Mr. Kestner operated a vehicle recklessly and negligently, causing a rear-end collision with Mr. Slampak's automobile, and permanent injuries and damages to Mr. and Mrs. Slampak (Count I).  ECF No. 1-1 at 8-10.  Plaintiffs further allege that Mr. Slampak was insured under an automobile insurance policy or contract that was purchased from defendant Nationwide prior to the automobile accident, and that defendant Nationwide is liable to plaintiffs under the policy or contract for the bodily injuries and damages arising from the automobile accident pursuant to the terms and coverage limits of the policy or contract (Count

11

II). <u>Id.</u> at 11-14. Plaintiffs then assert various injuries caused by Mr. Kestner (Count III). <u>Id.</u> at 14-15. Defendant Nationwide states that the plaintiffs settled and released their bodily injury claims arising from the plaintiffs' contractual relationship with Nationwide. ECF No. 4 at 6.

The Release states:

> . . . the undersigned, does hereby release and forever discharge Nationwide Mutual Insurance Company, its heirs and assigns . . . from any and all liability, claims, actions, causes of action, whatsoever, which the Releasor now has or which may hereafter accrue, on account of or in any way growing out of bodily injuries and damages, having already resulted or to result at any time in the future, whether or not they are in the contemplation of the parties at the present time or whether or not they arise following the execution of this Release, as a result of, due to, arising from, by reason of, or in any way related to an accident which happened on or about the August 28, 2013, when Releasors were involved in an incident with DAVID MICHAEL KESTNER . . .

ECF No. 4-2 at 1.

Moreover, plaintiffs state in their response in opposition to defendant Nationwide's motion for partial dismissal of plaintiffs' complaint (ECF No. 6) that:

> [t]he [p]laintiffs' description of the underlying facts of the automobile collision and the corresponding claims handling practices of [d]efendant Nationwide in the underlying state court civil action is <u>in no way a request for damages for the harm caused by said collision. Again, the [p]laintiffs [sic] are merely</u>

> providing the factual predicates . . . In point of fact,
> the [p]laintiffs do not request damages for bodily injury
> damages in his wherefore clause or elsewhere in the
> [p]laintiffs' [c]omplaint.

ECF No. 6 at 7 (emphasis added).

In light of the release, and the plaintiffs' response in opposition to defendant Nationwide's motion for partial dismissal of plaintiffs' complaint, this Court construes Counts I through III as factual predicates and not claims seeking relief for bodily injury and damages as a result of, or in any way related to the accident that was addressed in the underlying suit. Accordingly, this Court grants the defendant's motion for partial dismissal as to Counts I through III of plaintiffs' complaint and will construe Counts I through III as factual predicates for other counts in the complaint.

B. Count VII: Punitive Damages

In Count VII of the complaint, the plaintiffs allege an independent cause of action for punitive damages. ECF No. 1-1 at 22. Defendant Nationwide states that West Virginia law does not recognize an independent claim for punitive damages, and therefore Count VII fails to state a claim upon which relief can be granted.

Id. at 10 (citing Susko v. Cox Enters., Inc., No. 5:07-cv-144, 2008 WL 4279673 *4 (N.D. W. Va. Sept. 16, 2008) (Stamp, J.)).

The plaintiffs request leave of court to amend any and all inartful pleading with respect to the claim of punitive damages. ECF No. 7 at 8. The plaintiffs only seek punitive damages as a remedy rather than an independent cause of action. Id.

This Court agrees with defendant Nationwide that under West Virginia law, a separate cause of action for punitive damages does not exist. Cook v. Heck's Inc., 342 S.E.2d 453, 461 n.3 (W. Va. 1986). See also Miller v. Carelink Health Plans, Inc., 82 F. Supp. 2d 574, 579 n.6 (W. Va. 2000) ("West Virginia law does not recognize an independent cause of action for punitive damages.").

West Virginia law clearly prohibits the plaintiffs from asserting a distinct cause of action for punitive damages, and this is precisely what Count VII of the complaint seeks to accomplish. This separate cause of action for punitive damages is not allowed under current law.

However, this Court notes that plaintiffs will not be prevented from pursuing a punitive damages claim as an additional potential remedy since they have requested such relief in the addendum clause of their complaint. See ECF No. 1-1 at 25.

Thus, defendant Nationwide's motion for partial dismissal is granted as framed as to plaintiffs' claim for punitive damages (Count VII) as an independent cause of action, but allows the plaintiffs to proceed on the punitive damages claim as contained in the addendum clause.

C.    Count VI: Breach of the Implied Covenant of Good Faith and Fair Dealing

In Count VI of the complaint, the plaintiffs allege that defendant Nationwide breached the implied covenant of good faith and fair dealing. ECF No. 1-1 at 21. Defendant Nationwide asserts that under West Virginia law, there is no independent claim for breach of the implied covenant of good faith and fair dealing. Id. at 9 (citing Highmark W. Va., Inc. v. Jamie, 655 S.E.2d 509, 514 (W. Va. 2007)). The plaintiffs, however, contend that they are permitted to allege a breach of the implied covenant of good faith and fair dealing since they are not seeking duplicative damages, but rather are seeking such damages in the alternative. ECF No. 7 at 5-6.

This Court finds that the plaintiffs' claims cannot survive as a separate cause of action and must be dismissed. The plaintiffs allege that defendant Nationwide has violated the implied covenant

of good faith and fair dealing by, among other things, "[o]ffering a sum totally insufficient to compensate [p]laintiff Slampak for his damages and which offer was not based upon reasonable and substantial grounds; (b) [f]ailing to accord the interest and rights of [p]laintiff Slampak at least as great a respect as its own; (c) [f]ailing to conduct a proper investigation and evaluation of the claim for first-party underinsured motor vehicle insurance benefits based upon the objective and cogent evidence; (d) [f]ailing to timely offer and fairly settle [p]laintiff Slampak's claim when it became reasonably clear that the value of [p]laintiff Slampak's claim exceeded [d]efendant Nationwide's settlement offers and there was potential for substantial recovery; and (e) [s]ubjected [p]laintiff Slampak to protracted litigation in an attempt to defeat or minimize the claims of the plaintiff." Id. at 22-27.

Under West Virginia law, breaches of implied covenants do "not provide a cause of action apart from a breach of contract claim." Gaddy Eng'g Co. v. Bowles Rice McDavid Graff & Love, LLP, 746 S.E.2d 568, 578 (W. Va. 2013) (internal quotation marks omitted). Rather, such claims "sound[ ] in breach of contract." Id. (internal quotation marks omitted). West Virginia law recognizes

16

that "'in every contract there exists an implied covenant of good faith and fair dealing.'" <u>Burbach Broad. Co. of Delaware v. Elkins Radio Corp.</u>, 278 F.3d 401, 409 (4th Cir. 2002) (quoting <u>Harless v. First National Bank in Fairmont</u>, 246 S.E.2d 270, 274 (W. Va. 1978)). West Virginia law does not, however, recognize an independent cause of action for the breach of an implied covenant of good faith and fair dealing separate and apart from a breach of contract claim. <u>Stand Energy Corp. v. Columbia Gas Transmission Corp.</u>, 373 F. Supp. 2d 631, 644 (S.D. W. Va. 2005); <u>see also</u> <u>Warden v. PHH Mortg. Corp.</u>, No. 3:10-cv-75, 2010 WL 3720128, at *5 (N.D. W. Va. Sept. 16, 2010) (Bailey).

This case is analogous to <u>Evans v. United Bank, Inc.</u>, 235 W. Va. 619, 627, 775 S.E.2d 500, 508 (2015), where the Supreme Court of Appeals of West Virginia affirmed the circuit court's decision to dismiss the plaintiffs' claims for breach of the implied covenant of good faith and fair dealing, concluding that no such tort cause of action exists under West Virginia law. In that case, the plaintiffs alleged that the defendant, due to its contractual and fiduciary relationship with the plaintiffs, owed the plaintiffs an implied covenant of good faith and fair dealing, and that this duty arose when the defendant accepted the plaintiffs as customers

or clients and entered into agreements to loan them money.  Id.
However, the Court found that because plaintiffs did not assert
that the defendant breached any of those contracts, even when
viewing the allegations in the light most favorable to the
plaintiffs, the failure of the plaintiffs to allege a breach of
contract was fatal to their claim for a breach of the implied
covenant of good faith and fair dealing.  Id. at 627-28.

Here, the plaintiffs never alleged a breach of contract claim
in their complaint.  This failure to allege a breach of contract
claim is fatal to their claim for a breach of the implied covenant
of good faith and fair dealing.  As stated above, while West
Virginia law "implies a covenant of good faith and fair dealing in
every contract for purposes of evaluating a party's performance of
that contract[,]" West Virginia law does not "recognize an
independent claim for a breach of the common law duty of good faith
and has instead held that such a claim sounds in breach of
contract." Hoffmaster v. Guiffrida, 630 F. Supp. 1289, 1291 (S.D.
W. Va. 1986); Corder v. Countrywide Home Loans, Inc., No.
2:10-0738, 2011 WL 289343 at *3 (S.D. W. Va. 2011) (internal
quotation marks and citation omitted).

Accordingly, this Court grants defendant Nationwide's motion for partial dismissal as to plaintiffs' claim for breach of the implied duty of good faith and fair dealing (Count VI).

D.    <u>Count VIII: Hayseeds</u>

The release states:

> The attorneys for the respective parties and the parties agree that the Dismissal Order and Release in no way precludes the Releasors from pursuing and litigating all Unfair Trade Practices Act, first party bad faith and extra contractual claims, medical payments benefit coverage claims, and stacking provision or family compensation claims, against Nationwide Insurance Company of America or any other insurance company to the extent the same are applicable, as said claims are excluded from the terms of the Release and specifically reserved as documented herein.

ECF No. 4-2 at 3-4.

The main question that arises is whether Count VIII of the plaintiffs' complaint is a first-party bad faith or extra contractual claim.

Under West Virginia law, a first-party insured may bring a bad faith claim against an insurer, once the underlying claim has been resolved.   <u>Hayseeds</u>, 177 W. Va. at 323, 352 S.E.2d at 73.   "[A] first party bad faith action is one wherein the insured sues his/her own insurer for failing to use good faith in settling a claim . . . filed by the insured."   <u>State ex rel. Allstate Ins. Co.</u>

v. Gaughan, 203 W. Va. 358, 369, 508 S.E.2d 75, 86 (1998); see also
Marshall v. Saseen, 192 W. Va. 94, 100, 450 S.E.2d 791, 797 (1994);
State ex rel. State Farm Mut. Auto. Ins. Co. v. Canady, 197 W. Va.
107, 475 S.E.2d 107 (1996). "Such a claim typically arises from
the insurer's 'duty to settle with its insured on a claim for which
the insured was legally entitled to recover.'" Stidd v. Erie Ins.
Property & Cas. Co., No. 5:17-CV-56, 2018 WL 3028612, *4 (N.D. W.
Va. Apr. 25, 2018) (Bailey) (citing Jordache Enter., Inc. v. Nat'l
Union Fire Ins. Co. of Pittsburgh, Pa., 204 W. Va. 465, 485, 513
S.E.2d 692, 712 (1998)).

Plaintiffs allege that Mr. Slampak was forced to hire counsel
in order to establish the full amount of his damages and reach the
eventual policy limits settlement after defendant Nationwide
refused and failed to pay Mr. Slampak's first-party claim under his
automobile insurance policy with defendant Nationwide. ECF No. 1-1
at 23. Plaintiffs state that they substantially prevailed against
defendant Nationwide since the eventual policy limits settlement
was substantially more than what defendant Nationwide offered for
first-party underinsured automobile insurance benefits under the
terms and conditions of the Nationwide automobile insurance policy.
Id. at 23-24. Therefore, plaintiffs contend that defendant

Nationwide directly and proximately caused damages and injury due to its wrongful failure to make prompt, fair, and equitable settlement of this first-party claim. Id. at 24.

This Court believes that the plaintiffs' Hayseeds claim falls squarely in the exception in the release that does not exclude the plaintiffs from pursuing first-party bad faith and extra contractual claims.

Moreover, this Court finds that plaintiffs have alleged sufficient facts for their Hayseeds claim to withstand defendant Nationwide's partial motion to dismiss.

However, this Court will not decide at this time whether plaintiffs substantially prevailed since to determine whether a policyholder has substantially prevailed, this Court must consider the standard as stated in syllabus point 4 of Miller v. Fluharty, 201 W. Va. 685, 500 S.E.2d 310 (1997):

> When examining whether a policyholder has substantially prevailed against an insurance carrier, a court should look at the negotiations as a whole from the time of the insured event to the final payment of the insurance proceeds. If the policyholder makes a reasonable demand during the course of the negotiations, within policy limits, the insurance carrier must either meet that demand, or promptly respond to the policyholder with a statement why such a demand is not supported by the available information. The insurance carrier's failure to promptly respond is a factor for courts to consider in

21

deciding whether the policyholder has substantially prevailed in enforcing the insurance contract, and therefore, whether the insurance carrier is liable for the policyholder's consequential damages under <u>Hayseeds, Inc. v. State Farm Fire & Cas.</u>, 177 W. Va. 323, 352 S.E.2d 73 (1986) and its progeny.

The West Virginia Supreme Court summarized the development of the "substantially prevailed" standard in <u>Slider v. State Farm Mut. Auto. Ins. Co.</u>, 557 S.E.2d 883, 889 (W. Va. 2001), and reiterated that "when examining whether a policyholder has substantially prevailed against an insurance carrier, a court should look at the negotiations as a whole from the time of the insured event to the final payment of the insurance proceeds." Although <u>Miller</u> expanded the range of evidence that is relevant to a determination of whether a policyholder has substantially prevailed in a dispute with an insurer, the West Virginia Supreme Court of Appeals at the same time reaffirmed in <u>Slider</u> that a policyholder is not required to prove bad faith or other misconduct to recover consequential damages under <u>Hayseeds</u>. <u>Bailey v. Bradford</u>, 12 F. Supp. 3d 826, 836 (S.D. W. Va. 2014) (internal quotations omitted).

This Court does not have sufficient evidence at this time to decide whether the plaintiffs have substantially prevailed.

Accordingly, for the reasons stated above, defendant Nationwide's partial motion to dismiss with respect to Count VIII of the plaintiffs' complaint is denied.

Therefore, the remaining counts of the complaint are the following: Counts IV, V, and VIII. This Court notes again that the plaintiffs may proceed on the punitive damages claim as contained in the addendum clause.

## IV. <u>Conclusion</u>

For the reasons stated above, defendant Nationwide Insurance Company of America's partial motion to dismiss the plaintiffs' complaint (ECF No. 3) is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    July 23, 2019


                                        /s/ Frederick P. Stamp, Jr.
                                        FREDERICK P. STAMP, JR.
                                        UNITED STATES DISTRICT JUDGE