## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

*FILED*

SEP **1 6** 2019

U.S. DISTRICT COURT-WVND
WHEELING, WV 26003

PHILLIP SLAMPAK, and
JANIE SLAMPAK,

      Plaintiffs,

v.

      CIVIL ACTION NO.: 5:18-CV-154
      (STAMP)

NATIONWIDE INSURANCE COMPANY OF
AMERICA,

      Defendant.

## <u>ORDER</u>

Currently pending before the Court is Plaintiffs' Motion [40] to Compel Adequate
Answers and Responses to Plaintiffs' First Set of Interrogatories and Requests for Production,
filed August 19, 2019. This Motion was referred to the undersigned by Order [41] of Reference,
filed August 20, 2019. Pursuant to the Order [43] Setting Deadlines and Oral
Argument/Evidentiary Hearing, Defendant filed a Response [44] in opposition on August 27,
2019, and Plaintiffs filed their Reply [48] on September 3, 2019. A hearing was held on
September 4, 2019.

Following the hearing, the parties requested additional time within which to discuss and
possibly resolve the outstanding discovery issues. Given the volume of discovery and the
complexity of the issues, and given the parties' ongoing discussions, the Court granted the
parties' joint request for additional time to resolve these discovery issues, and gave the parties
until 3:00 p.m. on Thursday, September 12, 2019. On that day, the parties filed additional briefs
with the Court [ECF Nos. 53 and 54], advising the Court that they were unable to resolve any of
the discovery issues. Accordingly, after considering the parties' briefs, the applicable law and

the Court file, and after considering the arguments made during the hearing of September 4, 2019, the undersigned is prepared to issue a decision.

# I.
## FACTUAL/PROCEDURAL HISTORY

This civil action arises out of a motor vehicle accident that occurred on August 28, 2013, and in which Plaintiff, Phillip Slampak was involved. Nationwide Insurance Company of America ("Defendant") was the insurance company for Mr. Slampak at the time of the accident. According to Plaintiffs' Complaint, Mr. Slampak possessed underinsured motorist coverage with Nationwide for $500,000 per person and $500,000 per accident. Mr. Slampak claims to have sustained injuries in excess of the underlying policy limits, which Mr. Slampak maintains triggered his underinsured coverage with Nationwide. While the matter of whether and to what extent Mr. Slampak was entitled to underinsured motorist benefits from Nationwide appears to have been settled, Mr. Slampak avers that Defendant improperly delayed settlement. As a result, Plaintiffs have brought the instant action against Defendant. [ECF No.1 and attachments.]

Plaintiffs propounded their First Set of Interrogatories and Requests for Production of Documents to Nationwide on or about March 8, 2019. [ECF No. 15.] Defendant served its answers on or about April 10, 2019. [ECF No. 18.] Though the discovery answers were signed by Nationwide's attorney, a signed verification was not provided until approximately September 3, 2019.[1] Discussions regarding a possible Protective Order (with respect to certain documents) have been ongoing; however, one has not been agreed to or entered.[2] The parties disagree about when the alleged deficiencies in Defendant's answers was first discussed. However, all parties

---

[1] It is unclear to the parties why this occurred and appears to the Court to have been a simple oversight.
[2] At the time of the drafting of this opinion, no Motion for Protective Order had been filed.

agree that the aforementioned discussion(s) and Plaintiffs' instant Motion to Compel were filed beyond the thirty (30) day, time limit provided in LR Civ P 37.02(b).

## II.
## ARGUMENTS OF THE PARTIES

### A. Plaintiffs' Arguments

Plaintiffs argue that Defendant's unverified answers and responses constitute a waiver of objections. Further, Plaintiffs argue that Defendant's general objections are invalid and indicative of Defendant's evasive and incomplete discovery disclosures. With respect to the disclosure of documents, Plaintiffs also argue that Defendant has failed to meet its burden of proving that a Protective Order is necessary and appropriate in this case. The documents requested and sought are relevant to the claims in this case and should be produced. Plaintiffs also request an *in camera* review of the 75 pages of documents which have been redacted in the claim file.[3]

Plaintiffs have set forth specific arguments with respect to each interrogatory and request for production of documents that Plaintiffs maintain was inappropriately and/or incompletely answered. The Court will address those arguments below.

### B. Defendant's Arguments

Defendant argues that Plaintiffs' Motion to Compel is untimely and therefore should be denied. Defendant cites numerous cases which Defendant contends stand for the proposition that untimely motions to compel should not be considered by the Court. *See* ECF No. 53 at pgs. 3-5. Defendant further argues that the lack of verification should not constitute a waiver of its objections. In support of this position, Defendant contends that the Court should look to *Ballard*

---

[3] Despite this request, no documents have been provided to the Court for *in camera* review.

*v. Union Carbide Corp.*, No. 2:11-cv-00366, 2012 WL 2089511, at *1-2 (S.D.W.Va. June 8, 2012), rather than Magistrate Judge (ret.) James Seibert's opinion in *Tustin v. Motorists Mutual Insurance Company*, No. 5:08-cv-111, 2009 WL 10675150 (N.D.W.Va. January 23, 2009), upon which Plaintiffs rely.

Defendant contends that its objections are not just general objections but are specifically tailored to the discovery request for which they are responsive. Finally, Defendant argues that Plaintiffs' argument regarding the Protective Order is inapposite because no Motion for a Protective Order is pending and the parties had been working toward the entry of an agreed-upon Protective Order.

## III.
## <u>APPLICABLE LAW</u>

Plaintiffs seek an Order compelling additional and more specific answers to interrogatories and requests for production of documents. As a result, the following rules are implicated by Plaintiffs' Motion:

Fed. R. Civ. P. 26 provides in relevant part as follows: "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter." Importantly, "relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

Fed. R. Civ. P. 33 governs interrogatories and provides in relevant part as follows: "[e]ach interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall

answer to the extent the interrogatory is not objectionable." Further, all objections "must be stated with specificity." Objections such as 'overly broad, burdensome, oppressive, and irrelevant' do not constitute specific objections within the meaning of the rule. *Momah v. Albert Einstein Medical Center*, 164 F.R.D. 412, 417 (E.D. Pa. 1996) (quoting *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982)).

Fed. R. Civ. P. 34 governs requests for production and responses thereto, and provides in relevant part as follows: "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Further, "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest."

Parties who have been served with interrogatories and/or requests for production of documents have thirty (30) days from the date of service within which to respond. A shorter or longer time may be stipulated to under the Rules or ordered by the Court. *See* Fed. R. Civ. P. 33 and 34. Interrogatories served upon a corporate party must be answered "by an officer or agent, who must furnish the information available to the party....the person who makes the answers must sign them." Fed. R. Civ. P. 33(b).

Motions to Compel responses to interrogatories and requests for production are governed by Fed. R. Civ. P. 37(a)(2)(B), which provides in relevant part that, if a party declines to answer an interrogatory or request for production, the serving party "may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request." The party opposing the motion to compel bears the burden of proving why the motion should not be granted. *Rogers v. Tri-State Materials Corp.*, 51 F.R.D. 234, 247 (N.D.W.Va. 1970).

Pursuant to LR Civ P 37.02(b) a motion to compel or other motion in aid of discovery is deemed waived if it is not filed within thirty (30) days after the discovery response or disclosure requirement sought was due.

With these rules in mind, the Court will now consider each issue and item of discovery raised by Plaintiffs' Motion to Compel.

# IV.
# DISCUSSION

## A. Timeliness

Plaintiffs' Interrogatories were served on or about March 8, 2019. Pursuant to LR Civ P 37.02(b), any Motion to Compel therefore should have been filed on or about May 7, 2007. The instant Motion to Compel was not filed until August 19, 2019. Clearly, pursuant to LR Civ P 37.02(b), this Motion is untimely. The Court must therefore consider whether Plaintiffs have demonstrated "excusable neglect" or whether "some action of the non-moving party" caused the failure to timely file the instant Motion. *Id.* In doing so, the Court has the discretion to weigh the excuse offered by the party failing to timely file the motion in order to avoid strict application of the Rule. Such discretion allows the Court to avoid overly technical applications of the rule. *Taggart v. Damon Motor Coach*, 5:05-cv-191, 2006 WL 2473395, at *5 (N.D.W.Va. Aug. 24, 2006) (citing *Mordesovitch v. Westfield Ins. Co.*, 235 F.Supp.2d 512, 518 (S.D.W.Va. 2002)).

During the hearing, Plaintiffs' attorney advised the Court that, in and around the time this Motion would have been due, he welcomed his third child to the family. Counsel has offered no other reason for counsel's failure to pursue a Motion to Compel earlier than two and one-half months after the motion was due to be filed. Notwithstanding, the Court is cognizant of the

6

disruption that a newborn can cause to new and seasoned parents alike. The Court is further cognizant that said disruption sometimes lasts for an extended period of time. The Court is therefore satisfied that excusable neglect exists in this instance.

In so finding, the Court notes Defendant's citation to numerous cases which Defendant contends demonstrate that "[c]ourts across the country routinely reject untimely discovery motions." ECF No. 53 at p. 4. The Court has thoroughly reviewed and considered each case cited by Defendant in support of this argument. The Court, however, is not persuaded by this argument because the cases cited by Defendant are factually and procedurally distinguishable from the instant matter.

In *Martin v. District of Columbia*, 78 F.Supp.3d 279, 291 (D.D.C. 2015), plaintiff filed a motion to strike exhibits and to impose sanctions. That court declined because plaintiff waited over two years to file the motion and discovery had already closed. Here, the timeline is much shorter – approximately two and one-half months – and discovery has not yet closed.

In *Sonnino v. University of Kansas Hosp. Authority, et al.*, 220 F.R.D. 633, 636-37 (D. Kan. 2004), plaintiff sought an order compelling defendants to produce documents. The court declined because the motion was untimely and no good cause had been demonstrated for the untimeliness. In analyzing the timeliness issue, the court noted the District of Kansas's local rule which provided that any motion to compel "shall be filed and served within 30 days of the default (to answer discovery) or the service of the response, answer or objection which is the subject of the motion, unless the time for filing is extended for good cause shown....[o]therwise the objection[s]...shall be waived." (Emphasis added). The word "shall" is not included within our local rule 37.02(b). Additionally, the *Sonnino* court's analysis of whether good cause existed differs from the factual scenario in the instant matter. In *Sonnino*, plaintiff's counsel represented

to the court that defense counsel promised to provide amended or supplemental answers, but never provided them. There was no evidence of this promise. This is contrasted with the facts of the instant matter wherein Defendant's verification was admittedly not provided until September 3, 2019, the day before the hearing, and where Defendant has not yet sought a Protective Prder to withhold otherwise potentially discoverable documents.

In *Davidson v. Citizens Gas & Coke Utility*, 238 F.R.D. 234, 234-35 (S.D. Ind. 2006), the motion to compel was denied because it was filed fourteen months after the allegedly insufficient discovery responses were provided and because the information sought was irrelevant to the issue of class certification. The time period implicated in *Davidson* is much longer than the one at issue presently (two and one-half months) and the information sought is arguably relevant to the claims asserted in this case.[4]

In *Jarvis v. Wal-Mart Stores, Inc.*, 161 F.R.D. 337, 338 (N.D.Miss. 1995), the court applied a local rule of procedure for the Northern and Southern District Courts of Mississippi which provided in relevant part that "[a]ll discovery motions must be filed so that they do not affect the discovery deadline." The motion to compel at issue in *Jarvis* was not filed until after the expiration of discovery. Discovery has not yet ended in this case.

In *Dynamic Movers, Inc. v. Paul Arpin Van Lines, Inc.*, 956 F.Supp. 836, 839-40 (E.D.Wisc. 1997), the subject motion was filed four and one-half months after the discovery response date. Further, the motion was filed three and one-half months after summary judgment motions were filed, two weeks after discovery ended, and three weeks before trial. That is not the case here.

---

[4] Relevance is not one of the central arguments for or against the issues raised within Plaintiffs' Motion to Compel.

In *THEC International-Hamdard Cordova Group-Nazari Construction Company, LTD. Joint Venture v. Cohen Mohr, LLP, et al.*, 301 F.Supp.3d 1, 11-12 (D.D.C. 2018), plaintiffs' motion for sanctions was filed nearly two years after the allegedly offending conduct. Again, such a long time period is not implicated in this case.

In *Suzlon Wind Energy Corp. v. Shippers Stevedoring Co.*, 662 F.Supp. 2d 623, 661 (S.D.Tx. 2009), the motion to compel at issue was filed approximately two (2) weeks after the discovery deadline, which had been previously extended once. That is not the case here.

Finally, in *Copantitla v. Fiskardo Estiatorio, Inc.*, 788 F.Supp.2d 253, 307 (S.D.N.Y. 2011), the motion for sanctions was "belatedly" filed, or filed after discovery had already closed.[5] Again, discovery has not yet closed in the instant matter.

Additionally, a cursory review of Defendant's answers to Plaintiffs' First Set of Interrogatories reveals several things that the Court cannot ignore. First, the substantive portions of Defendant's Answers to Interrogatories and Request for Production of Documents (as opposed to the attorney-drafted objections) were not verified until approximately September 3, 2019[6], and therefore were not technically answered until that date. As the parties know, this Court has previously ruled that failure to timely answer discovery results in the waiver of any and all objections. *See Tustin v. Motorists Mutual Insurance Company*, No. 5:08-cv-111, 2009 WL 10675150, at *10 (N.D.W.Va.. January 23, 2009). Further, while there are indications that the parties have been discussing and attempting to draft a mutually acceptable Protective Order for certain documents to be produced by Defendant, one has not yet been entered. It would therefore appear that Defendant is withholding what Defendant believes are otherwise discoverable

---

[5] A review of the case reveals that motions for summary judgment had already been filed and were being considered by the court in this opinion.
[6] The verification is dated August 28, 2019. The letter forwarding the same to Plaintiffs' counsel is dated September 3, 2019.

documents without any valid basis to do so and has been so withholding since Defendant initially provided answers to the subject discovery in approximately April 2019. At this time, no Motion for Protective Order has been filed.[7] Absent a validly executed Protective Order, and absent any other valid objection, Defendant is obligated to produce the aforementioned documents. This does not appear to have been done.

Because both of the parties bear some responsibility for the current state of discovery and because the issues raised within Plaintiffs' Motion to Compel have the potential to adversely impact both Plaintiffs and Defendant equally, the Court believes that it would be inequitable to apply a strict adherence to the applicable discovery rule(s) with respect to the issues raised therein. Accordingly, the Court will exercise its discretion and consider the merits and substance of Plaintiffs' Motion.

### B. Plaintiffs' Motion to Compel

#### 1. Verification

As set forth above, Plaintiffs argue that because Defendant did not timely provide answers to Plaintiffs' First Set of Interrogatories due to the lack of a signed verification page, Defendant's objections thereto are waived. Plaintiffs rely upon *Tustin v. Motorists Mutual Insurance Company*, 5:08-cv-111, 2009 WL 10675150 (N.D.W.Va. January 23, 2009) in support of this argument (finding that "[b]ecause Defendant had not responded to the interrogatories in a timely fashion, all objections [were] waived" pursuant to Fed. R. Civ. P. 33(b)(4)).

Defendant contends that the Court should look at *Ballard v. Union Carbide Corporation*, 2:11-cv-366, 2012 WL 2089511 (S.D.W.Va. January 17, 2007) for guidance on this issue. The

---

[7] As will be explained herein, because there is no currently pending Motion for Protective Order which has been referred to the undersigned, the issue of whether a Protective Order should be entered is not properly before the Court. Accordingly, the Court declines to address any arguments relative to this issue.

Court in *Ballard* did not find objections waived as a result of a late verification. Rather, the Court found that the objections were not waived because objections are asserted by attorneys and because the signed objections had been timely provided. The remedy for a lack of verification, the Court found, was a Motion to Compel and possible sanctions, not waiver of objections. *Ballard*, 2012 WL 2089511, at * 2.

Inasmuch as *Tustin* is a Northern District case, this Court would find *Tustin* more appropriately utilized in this instance than *Ballard*. Notwithstanding, the Court would further find that the facts of this case are distinguishable from those set forth in *Tustin* in that, presently, Defendant has provided the missing verification. In *Tustin*, while the specific facts are unclear from the opinion upon which Plaintiffs rely, it appears that the defendant never provided verified answers to discovery. *Tustin*, 2009 WL 10675150, at * 10 ("Defendant has failed to respond to any of Plaintiff's interrogatories because it has not provided a verification of the responses"). Because Defendant has provided the verification, Defendant has therefore answered the subject discovery. Given this and because discovery has not yet ended, the Court would find that striking Defendant's objections is not warranted in this instance. This is particularly so given the level of cooperation demonstrated by the parties during the hearing on September 4, 2019.[8] Accordingly, this portion of Plaintiffs' Motion should be **DENIED**.

### 2. Protective Order

With respect to any Protective Order, Plaintiffs contend that Defendant has not met its burden of proving that a Protective Order is necessary and/or appropriate with respect to the documents Defendant seeks to protect. Defendant maintains that a Motion for Protective Order is not currently pending, so these arguments are premature. Defendant also explains that a

---

[8] Striking Defendant's objections would likely thwart the parties' efforts to fulfill their discovery obligations, rather than serving a meaningful and necessary purpose. The Court believes this is true notwithstanding the impasse at which the parties presently find themselves with respect to the discovery issues cited herein.

Motion has not been filed because Defendant was under the impression that the parties were working toward the entry of an agreed-upon Protective Order.

Inasmuch as there is no Motion for Protective Order pending, and inasmuch as no Motion for Protective Order has been filed, the Court believes that Defendant has not fairly been given an opportunity to carry its burden of showing that a Protective Order is necessary and/or appropriate in this circumstance. As a result, the Court would find that any argument with respect to the necessity or appropriateness of a Protective Order is premature. Notwithstanding, the Court does note, as set forth above, that no Protective Order has been entered and no Motion is currently pending. As such, any documents which Defendant is withholding solely pursuant to or solely in anticipation of entry of a Protective Order are not properly withheld at this time. Absent entry of a Protective Order or the filing of a Motion for a Protective Order, the Court would find that the documents being withheld in this manner should be produced to Plaintiffs.[9]

### 3. Boilerplate Objections

While this issue has not been raised specifically by Plaintiffs, after thoroughly examining Defendant's Answers to Plaintiffs' First Set of Interrogatories and Request for Production, Defendant has asserted what appear to be boilerplate objections to many of the discovery requests. As the parties are aware, "boilerplate objections to discovery requests are highly disfavored in the Fourth Circuit." *Patrick v. Teays Valley Trustees, LLC*, 297 F.R.D. 248, 256 (N.D. W.Va. 2013). "[W]hile it is not *per se* unreasonable for a party to object on the basis that a request is overly broad, burdensome, or seeks irrelevant information, the objecting party has an obligation to show specifically why responding to the request would create a burden or how the request is overly broad in relation to the claims and defenses presented in the litigation." *Id.* In

---

[9] This finding is not meant to be and should not be interpreted as a finding that the documents being withheld are all discoverable. Indeed, there may be independent bases upon which to object to the production of certain documents. Any of those bases, to the extent they may be appropriately raised under the rules, are preserved.

many instances here, Defendant merely recites these boilerplate objections without stating or showing specifically how they apply to the individual interrogatory or request for production against which it was asserted. To the extent that Defendant has asserted boilerplate objections without showing specifically why those objections apply to the particular Interrogatory or Request for Production against which they were asserted, those objections should be disregarded, and full and complete answers provided.

Having dispensed with the general arguments raised by the parties, the Court will now turn to the specific arguments raised with respect to each discovery request.

### 4. Defendant's Objections to Plaintiff's First Set of Discovery

The Court would note that it has addressed each interrogatory and RPD only insofar as Plaintiffs' exception. The Court has not addressed each and every objection asserted by Defendant, nor has it addressed any time and scope limitations because those have not been excepted by Plaintiffs.

#### a. Interrogatories

With respect to Interrogatory #1, Defendant's answer is inadequate. *See* Fed. R. Civ. P. 33. Absent a valid objection, Defendant is obligated to provide the information requested concerning the person answering the discovery. No such objection was made but no information was provided other than a statement to the effect of 'see the attached verification.' Defendant must provide a more complete answer to this interrogatory if not already provided.

With respect to Interrogatory #2, Defendant's answer is inadequate. *See* Fed. R. Civ. P. 33. Regarding the persons identified, Defendant failed to provide the business and residential address (no objection to this request was made), the business and

residential telephone numbers, the position with Nationwide and/or third party businesses, the work, role and/or function of those persons identified, the dates of their involvement. Defendant further failed to identify the documents created or possessed that illustrate the fact that services were performed, and Defendant did not provide a brief description of the documents. No specific objection was asserted to these individual requests. At the very least, Defendant is obligated to specify the records that should be reviewed. *See* Fed. R. Civ. P. 33(d). Defendant did not do that here. Instead, Defendant referred Plaintiffs to approximately 2700 documents contained within the claim file and the accompanying privilege log. Defendant must supplement this answer in accordance with the Rules of Civil Procedure.

With respect to Interrogatories #4, 5, 6, 7, 8, and 9, Defendant failed to provide specific answers to the specific questions asserted and did not assert an objection to providing specific answers.[10] Defendant does not object to providing an answer. Rather, Defendant simply referred Plaintiffs to the over 2700 documents contained within the claim file and the accompanying Privilege Log. Such an answer is inadequate under the rules. *See* Fed. R. Civ. P. 33(d). Therefore, Defendant must supplement this answer in accordance with the Rules of Civil Procedure.

With respect to Interrogatory #10, Plaintiffs argue that Defendant has failed to provide the information as it agreed to do within its Answers to Interrogatories. To the extent Defendant has failed to provide this information as previously agreed, Defendant must do so.

With respect to Interrogatory #11, Plaintiffs argue that the information and/or documents requested are not confidential and/or privileged. Defendant maintains that it will produce them upon entry of a Protective Order. A Protective Order has not been entered and a Motion for

---

[10] Defendant objects to use of the word "reserve" in Interrogatories 8 and 9 because it is not defined, but this objection does not impact the ultimate answer Defendant provided, nor does it impact the basis of the Court's ruling.

Protective Order is not currently pending. Absent entry of a validly executed Protective Order, and absent any other valid objection to producing these documents, Defendant must provide the requested discovery to Plaintiffs.

With respect to Interrogatory #12, Plaintiffs take exception to Defendant's assertion of confidentiality and/or privilege, and the need for a Protective Order before certain documents will be provided. To the extent Defendant objects to providing this information absent a Protective Order, the Court again notes that no Protective Order is currently filed, and no Motion for Protective Order is pending. Absent entry of a validly executed Protective Order, and absent any other valid objection to producing this information, Defendant must provide this information to Plaintiffs.

With respect to Interrogatory #14, to the extent Defendant objects to providing information absent a Protective Order, the Court again notes that no Protective Order is currently filed, and no Motion for Protective Order is pending. Absent entry of a validly executed Protective Order, and absent any other valid objection to producing this information, Defendant must provide this information to Plaintiffs. Additionally, absent a valid objection to providing specific information, Defendant's general referral to the Best Practices documentation is improper. *See* Fed. R. Civ. P. 33(d). Defendant must therefore supplement this answer in accordance with the Rules of Civil Procedure.

With respect to Interrogatory #15, the Court notes that no Protective Order has been executed and entered, nor is there a Motion for Protective Order currently pending. Absent a valid Protective Order and absent another valid objection to providing this information, Nationwide must provide the information sought. Additionally, Nationwide has failed to provide the specific items of information requested for Scarlett Tarley and/or Gabriella Martin, including

but not limited to their qualifications, their education, their on-the-job training and/or any specialized courses or classes. Defendant does not appear to have objected specifically to providing this information. Absent a valid objection, Defendant must provide this information to Plaintiffs. Defendant must therefore supplement this discovery response as set forth more fully above and in accordance with the Rules of Civil Procedure.

With respect to Interrogatory #22, the Court is satisfied that Defendant's answer is adequate. Defendant states that it has no responsive information to this request for the previous five (5) years. Although the question is not limited in this manner, Plaintiffs do not take issue with the time limitation. Further, although Plaintiffs "maintain" that Defendant utilized and adopted recommendations of the types of outfits described more fully in the interrogatory, Plaintiffs provide no basis for this belief. There is no citation to documentary evidence or other evidence contained within the record. Absent this evidence, the Court has no basis to find Defendant's answer inadequate.

With respect to Interrogatory #23, Defendant's answer is inadequate as it refers to information withheld pending entry of a Protective Order. As has been previously stated, no Protective Order has been entered and there is no Motion for Protective Order currently pending. Absent such a Protective Order, and absent any other valid objection to producing this information, Defendant must provide it. Additionally, as part of its answer, Defendant refers Plaintiffs to the claim file, which contains over 2700 documents, without specifying the documents to which Defendant refers. This is an inadequate answer pursuant to Rule 33 of the Fed. R. Civ. P. Defendant must therefore supplement its answer to this Interrogatory as set forth more fully above.

With respect to Interrogatory #24 and 25, the Court is satisfied that Defendant's answer is adequate. Defendant states that it has no responsive information to this request. Further, although Plaintiffs "maintain" that Defendant utilized and adopted recommendations of the types of outfits described more fully in Plaintiffs' exception, Plaintiffs provide no basis for this belief. There is no citation to documentary evidence or other evidence contained within the record. Absent such evidence, the Court has no basis to find Defendant's answer inadequate.

With respect to Interrogatory #26, Defendant's answer is inadequate. Defendant must provide a more specific answer than "updated from time to time for various reasons." In particular, Defendant must specify the dates on which the materials discussed have been updated, if it knows, and why, if it knows. *See* Fed. R. Civ. P. 33(b)(3). Additionally, absent entry of a validly executed Protective Order, and absent any other valid objection to providing the requested information, Defendant must provide the information it is withholding pursuant to the non-existent Protective Order.

With respect to Interrogatory #27, 28, and 32, the Court again notes that no validly executed Protective Order has been entered. There is also no Motion for a Protective Order pending. Absent the entry of a Protective Order, and absent any other valid objection to providing the requested information, Defendant must provide the requested information to Plaintiffs.

**b. Requests for Production of Documents**

With respect to RPD #1, Plaintiffs argue that Defendant's answer is not responsive. The Court agrees and would find Defendant's answer is inadequate. *See* Fed. R. Civ. P. 34(b)(2). It is entirely possible that Defendant relied upon documents to provide answers to certain interrogatories that were not referenced in the answer or otherwise requested. That seems to be

the purpose for this discovery request. As Defendant did not object to this request, Defendant must supplement this response.

With respect to RPD #2, 3, 4, 6 to the extent documents have been withheld but not identified within the subject Privilege Log, and absent any other valid objection, those documents must be produced. *See* Fed. R. Civ. P. 26.

With respect to RPD #7, to the extent documents have been withheld but not identified within the subject Privilege Log, and absent any other valid objection, those documents must be produced. *See* Fed R. Civ. P. 26. Additionally, to the extent Defendant has withheld documents pending entry of a Protective Order, the Court would again note that no validly executed Protective Order has been entered. Further, no Motion for Protective Order is currently pending. Accordingly, and absent any other validly asserted objection, Defendant must provide the requested documents to Plaintiffs. *See* Fed. R. Civ. P. 26.

With respect to Plaintiffs' RPD # 8, Plaintiffs have taken exception to Defendant's contention that responsive documents are withheld subject to entry of a valid Protective Order. The Court would agree. As previously noted, there is no Protective Order in place and no Motion currently pending. Accordingly, Defendant must produce those documents it is withholding pursuant to the non-existent Protective Order or so move the Court. *See* Fed. R. Civ. P. 26.

With respect to Plaintiffs' RPD #13, Plaintiffs take issue with the completeness of Defendant's answer. In other words, Plaintiffs intimate that Defendants are withholding information, which is responsive to this request, but Plaintiffs have not specifically identified such information or the basis on which Plaintiffs form this belief. To the extent Plaintiffs take issue with Defendant's assertion of privilege over any documents which might be responsive to

this request, the Court cannot meaningfully evaluate such an argument because it has not been fully and specifically made. Plaintiffs' exception to Defendant's answer is therefore overruled.

With respect to Plaintiffs' RPD # 24 and 25, Plaintiffs take exception to Defendant's answers insofar as Defendant's assertion vis-à-vis a Protective Order. The Court again notes that no Protective Order has been entered and there is no Motion for Protective Order currently pending. Absent entry of a Protective Order, and absent any other valid objection to withholding this information, Defendant must provide the documents which are responsive to this request.

With respect to Plaintiffs' RPD #26, Plaintiffs' take exception to Defendant's answer by arguing that courts have ordered the production of personnel files. However, personnel files are not what has been requested in Plaintiffs' RPD #26. Rather, Plaintiffs request what sound as though are company-wide documents relating to bonuses, incentives, compensation, promotions, job performance as those policies relate to claims handling. Because Plaintiffs' arguments do not relate to the actual documents requested, the Court is unable to meaningfully evaluate Plaintiffs' exception. Accordingly, Plaintiffs' exception to Defendant's answer is overruled.

With respect to Plaintiffs' RPD # 27, 28, 29, 30, 32, Plaintiffs take exception insofar as documents and information relating to the "ACE project" are concerned. However, such a project is not referenced within the actual Request for Production. As a result, the Court cannot meaningfully evaluate Plaintiffs' exceptions to Defendant's objections. Accordingly, Plaintiffs' exceptions are overruled.

With respect to Plaintiffs' RPD #34, Plaintiffs take exception to Defendant's assertion of the need for entry of a Protective Order before it will produce certain documents. The Court again notes that no Protective Order has been entered and no Motion for Protective Order is currently pending. Absent entry of a valid Protective Order, and absent any other valid objection

which would enable Defendant to withhold the requested information, Defendant must provide the information sought.

With respect to Plaintiffs' RPD #35, Plaintiffs' take exception with Defendant's assertion that there are no documents responsive to this request. Plaintiffs' exception appears to be based upon the simple fact that Plaintiffs just do not believe Defendant's answer. While the Court would agree with Plaintiffs that this request seeks relevant evidence that is proportional to the needs of the case, the Court has no basis on which to question the veracity of Defendant's answer because Plaintiffs have not provided any evidence to this effect. The Court cannot compel Defendant to provide that which Defendant does not have. The Court would therefore overrule Plaintiffs' exception.

With respect to Plaintiffs' RPD #37, Plaintiffs take exception to Defendant's assertion of the need for entry of a Protective Order before it will produce certain documents. The Court again notes that no Protective Order has been entered and no Motion for Protective Order is currently pending. Absent entry of a valid Protective Order, and absent any other valid objection which would enable Defendant to withhold the requested information, Defendant must provide the information sought.

With respect to Plaintiffs' RPD # 41, Plaintiffs' exception to Defendant's asserted objections is unclear. As a result, the Court cannot meaningfully evaluate the same. Therefore, Plaintiffs' exception is overruled.

With respect to Plaintiffs' RPD # 43, to the extent Plaintiffs take exception to Defendant's answer insofar as it relates to entry of a Protective Order, the Court again notes that no validly executed Protective Order has been entered. There is also no Motion for a Protective Order pending. Absent the entry of a Protective Order, and absent any other valid objection to

providing the requested information, Defendant must provide the requested information to Plaintiffs.

With respect to Plaintiffs' RPD #44, Plaintiffs' take exception with Defendant's assertion that there are no documents responsive to this request. Plaintiffs' exception appears to be based upon the simple fact that Plaintiffs just do not believe Defendant's answer. While the Court would agree with Plaintiffs that this request seeks relevant evidence that is proportional to the needs of the case, the Court has no basis on which to question the veracity of Defendant's answer because Plaintiffs have not provided any evidence to this effect. The Court cannot compel Defendant to provide that which Defendant does not have. The Court would therefore overrule Plaintiffs' exception.

## V.
## <u>CONCLUSION</u>

Accordingly, and for all of the foregoing reasons, Plaintiffs' Motion to Compel [ECF No. 40] and Plaintiffs' Supplemental Motion to Compel [ECF No. 54] are **GRANTED IN PART AND DENIED IN PART**, as set forth more fully above. Defendant is **DIRECTED** to supplement its Answers to Plaintiffs' First Set of Interrogatories and Request for Production of Documents as set forth herein, **within five (5) days**.

It is so **ORDERED**.

Any party may, within **FOURTEEN DAYS** of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the District

Court Judge of Record.  Failure to timely file objections to the Order set forth above will result in a waiver of the right to appeal from a judgment of this Court based upon such an Order.

The Court **DIRECTS** the Clerk of the Court to mail a copy of this Order to any *pro se* party by certified mail, return receipt requested, and to counsel of record herein.

Dated: 9/16/19

JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE